IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| LEE COTTON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-14-1078-D |
| v. | ) | |
| | ) | |
| GARFIELD COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

I. Statutory Screening of Prisoner Complaints

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or a government entity's officers or employees. 28 U.S.C. §1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). After conducting an initial review, the court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In conducting this review, the reviewing court must accept the plaintiff's allegations

1

as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Plaintiff's Claims and Background

Plaintiff filed this action on October 1, 2014. As Defendants, Plaintiff has named the Grady County Jail ("GCJ"), Grady County Sheriff Jerry Niles, GCJ administrator Jennifer Niles, GCJ official Nancy Stanley, GCJ official Rhonda Bradley, and Vanessa Gay, who is described as a "nurse" at the GCJ.

Plaintiff has been detained at the GCJ on pending criminal charges since June 6, 2014. See Application for Leave to Proceed In Forma Pauperis, Detainee Transaction History (Doc. # 6). On July 15, 2014, he filed a previous 42 U.S.C. § 1983 action in this Court against the GCJ and GCJ officials, and that action is pending.

In four counts, Plaintiff alleges constitutional deprivations stemming from the conditions of his confinement at the jail. In count one, Plaintiff alleges conditions at the jail

are "unsanitary" because for "about (3) months" when detainees are "out for recreation" the detainees have no access to water or a bathroom except in the jail's shower area. He also alleges in count one that he receives a change of clothing only once a week.

In count two, Plaintiff alleges that there is no medical staff available at the jail on weekends or in the evenings, that there is no "qualified" staff member to hand out medications, that sometimes detainees are given the "wrong perscription [sic]", and the individuals passing out medications do so without wearing gloves. Plaintiff also alleges in count two that "they refuse[d] to fill out my perscription [sic]" even though his sister obtained a prescription from Plaintiff's doctor and took it to the jail.

In count three, Plaintiff alleges that "[t]hey don't do cell checks like they are supposed to nor answer the emergancy [sic] call button" and his cellmate "had a siezure [sic] [and] no one would answer the call button nor did anyone ever walk thru [sic] for hours." In count four, Plaintiff alleges that the GCJ does not have a law library and "[w]e only get to see our attorney when we go to court to make a deal. We have no way of preparing ourselves for a fair trial." For these claims, Plaintiff seeks $50,000.00 in damages "[f]or stress and sufferring [sic] and also pain."

III. Jail Not Suable Entity

In Oklahoma, each organized county has the capacity to sue or be sued, and a lawsuit brought against a county in Oklahoma must be filed against the Board of County Commissioners for the particular county. Okla. Stat. tit. 19, §§ 1, 3, 4. A county jail in Oklahoma, which operates as a subdivision of the county in which it is located, has no

separate legal identity under Oklahoma law, and therefore Defendant GCJ cannot be sued in this Court. See Aston v. Cunningham, No. 99-4156, 2000 WL 796086, * 4 n. 3 (10th Cir. June 21, 2000)(unpublished op.)("Dismissal against [Salt Lake County jail] was also required because a detention facility is not a person or legally created entity capable of being sued.").

IV. Personal Participation

It is well established law that "[i]ndividual liability under §1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); see Jenkins v. Wood, 81 F.3d 988, 994-995 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.")(internal citation omitted). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Plaintiff's Complaint contains absolutely no allegations of personal involvement by any individual Defendant. Plaintiff alleges only that "we have argued with them and fussed with them and the more we do they just leave us locked down."

Even assuming that Plaintiff has informed one or more of the named individual Defendants concerning his numerous, vague complaints, "[m]erely sending grievances to a [supervisory correctional official] is not enough to attach liability." Phillips v. Tiona, 508 Fed. Appx. 737, 744 (10th Cir. 2013)(unpublished op.).

Plaintiff sues Defendant Jerry Niles in his capacity as the Grady County Sheriff but

does not allege that Defendant Jerry Niles had any personal involvement in the jail conditions that allegedly violated Plaintiff's constitutional rights. Thus, it is assumed that Defendant Jerry Niles is sued in his supervisory or official capacity as the Sheriff of Oklahoma County.[1] "Section 1983 does not authorize liability under a theory of respondeat superior." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011). See Monell v. Dep't of Social Serv., 436 U.S. 658, 691-695 (1978)(supervisor cannot be held liable under §1983 solely on a *respondeat superior* basis). To sufficiently allege the personal involvement of a supervisor under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. "The plaintiff therefore must show an 'affirmative link' between the supervisor and the constitutional violation." Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013).

Plaintiff alleges Defendant Jerry Niles is liable for the conduct of jail officials and medical staff at the jail solely on the basis of his supervisory capacity. Plaintiff's allegations fail to state a claim for relief against Defendant Jerry Niles because Plaintiff has not alleged facts sufficient to show Defendant Jerry Niles' personal involvement in either the conditions at the jail or the alleged denial of medical treatment.

V. Jail Conditions

State pretrial detainees are protected under the Due Process Clause of the Fourteenth

---

[1] Under Oklahoma law, a county sheriff is responsible for the operation and maintenance of the jail in that county and is responsible for the detainees and inmates in his or her custody. See Okla. Stat. tit. 19, § 513.

5

Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Accord, Lopez v. LeMaster, 172 F.3d 756, 759 n.2 (10th Cir. 1999)("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment."). These protections are "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Mass. General Hospital, 463 U.S. 239, 244 (1983). "Although the Due Process clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)(citation omitted).

The Eighth Amendment "imposes duties on [prison and jail] officials who must provide humane conditions of confinement; prison [and jail] officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Hudson v. Palmer, 468 U.S. 517, 526-527 (1984)). See Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980)(States must provide their inmates with "reasonably adequate ventilation, sanitation, bedding, hygiene materials, and utilities (*i.e.*, hot and cold water, light, heat, and plumbing)").

To prevail on a claim under the Eighth Amendment, an inmate must show he was "incarcerated under conditions posing a substantial risk of serious harm" and that the prison or jail officials were deliberately indifferent to the inmate's health or safety. Farmer, 511 U.S. at 834, 837. "'[D]eliberate indifference' is a stringent standard of fault." Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 410 (1997). Prison or jail officials

6

cannot be found liable under this standard unless they subjectively knew of and disregarded an excessive risk to the inmate's health or safety. <u>Farmer</u>, 511 U.S. at 837. Even if a jail official knew of an excessive risk to inmate health or safety, the official cannot be held liable under the Eighth Amendment if the official took reasonable measures to abate the risk. <u>Farmer</u>, 511 U.S. at 847. With respect to medical needs, the detainee or inmate must show both that the medical needs are "serious" and that officials were deliberately indifferent to those serious medical needs. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 102-105 (1976). "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." <u>Perkins v. Kansas Dep't of Corrections</u>, 165 F.3d 803, 811 (10th Cir. 1999). Moreover, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." <u>Id.</u>

Plaintiff's allegations in his Complaint fall far short of showing that any Defendant subjectively knew of and disregarded an excessive risk to Plaintiff's health or safety. Indeed, Plaintiff has not alleged that he suffered any adverse effects at all. Plaintiff vaguely alleges that on one occasion his sister obtained a prescription for an unidentified medication and took it to the jail. He alleges an unidentified jail official refused to allow Plaintiff this medication, but Plaintiff does not allege sufficient facts that state a plausible claim of either a serious medical or mental impairment, awareness by any Defendant that he was subjected to an excessive risk of harm to his health, or, assuming he could allege a serious impairment, his inability to obtain comparable medications through the jail's medical unit. Nor does

Plaintiff allege sufficient facts to state a plausible claim of awareness by any Defendant that he was subjected to an excessive risk of harm to his health because of the lack of clothing changes more frequently than once a week, the lack of "qualified" or gloved individuals to pass out medications, the lack of access to medical staff during evening or weekends, or the lack of access to a water fountain or bathroom in the jail's recreation area for about a three month period of time. Finally, Plaintiff does not allege sufficient facts to state a plausible claim of awareness by any Defendant that he was subjected to an excessive risk of harm to his safety because unidentified jail officials "don't do cell checks like that are supposed to nor answer the emergancy [sic] call button."

To the extent Plaintiff alleges claims of inadequate access to medical care or other inadequate conditions of confinement on behalf of other detainees, Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

Pursuant to Bounds v. Smith, 430 U.S. 817 (1977), inmates have a constitutionally-protected right of access to the courts, and States must affirmatively assure that inmates are provided "meaningful access to the courts." Id. at 820-821, 824. However, there is no "abstract, freestanding right to a law library or legal assistance," and an inmate alleging a denial of his right of access to the courts must show actual injury such that "an actionable claim [challenging a sentence or conditions of confinement] has been lost or rejected, or that the presentation of such a claim is currently being prevented, because [the] capability of

filing suit has not been provided." Lewis v. Casey, 518 U.S. 343, 351, 356 (1996). See Christopher v. Harbury, 536 U.S. 403, 412-416 (2002)(recognizing that inmates alleging a denial of the right of access to the courts must show either "systemic official action [which] frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time" or a claim that "cannot now be tried (or tried with all material evidence) . . . [because past official action] caused the loss or inadequate settlement of a meritorious case . . . .").

Plaintiff vaguely alleges only that he is not allowed access to a county law library. However, he does not allege that he was prevented from presenting any claim, and he has been able to file two lawsuits in this Court. Plaintiff also admits that he has access to legal counsel, at least when he appears in court. Plaintiff has failed to state a plausible claim of denial of access to the courts, and this court will not "supply additional factual allegations to round out [his] complaint or construct a legal theory on [his] behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). For the foregoing reasons, the Plaintiff's cause of action should be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir.

2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by     December 29th, 2014, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  9th   day of    December   , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE